UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LAURA M. CERDA, for herself,
and on behalf of others similarly situated,

      Plaintiff (s),

v.

PARAMOUNT FLORIDA SECURITY GROUP INC,
GOLDEN SECURITY GUARD PROTECTIVE
SERVICES, INC,
and PEDRO MORA, individually,

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff LAURA M. CERDA for herself and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants PARAMOUNT FLORIDA SECURITY GROUP INC, GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC, and PEDRO MORA, individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff LAURA M. CERDA is a resident of Miami-Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC  are Florida Corporations having their main place of business in Miami-Dade County, Florida. Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC  PARAMOUNT FLORIDA SECURITY were engaged in interstate commerce.

4. The individual Defendant PEDRO MORA was and is now the owner/partner and manager of PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC. Defendant PEDRO MORA was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for Plaintiff's damages.

5. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2., Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC are a joint enterprise, and joint employers of Plaintiff.

6. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

7. This cause of action is brought by Plaintiff LAURA M. CERDA to recover from Defendants minimum wages, half-time overtime wages, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

8. Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC  are companies providing security and surveillance services that provide security services to businesses, residential communities, construction sites, etc.

9.  Both companies are directed and operated by individual Defendant PEDRO MORA.

10. Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC have offices located at 2026 SW 1 ST # 3, Miami, FL 22135, where Plaintiff and other similarly situated individuals worked.

11. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC are a joint enterprise because: 1) both companies have the same business activities; 2) both companies shared centralized management, equipment, and supplies; 3) Defendants operated as a single unit for a common business purpose; 4) between Defendants existed unified operation and common control, and they operated as a single unit; 5) Defendants shared a common business purpose, the profitable operation of both businesses; 6) Defendants had an interdependent financial interest; 7) and existed common ownership and management.

12. Pursuant 29 C.F.R. §791.2. Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC were joint employers because: 1) Defendants, through their owner/manager, had equal and absolute control over the Plaintiff and other employees similarly situated; 2) Defendants, through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 3) Both Defendants operated the facility

where Plaintiff and the other similarly situated employees worked; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of PARAMOUNT FLORIDA SECURITY GROUP INC, and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC C; 5) both corporations had the power to hire and to fire employees from PARAMOUNT FLORIDA SECURITY GROUP INC, and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC.

13. Therefore, because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

14. Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE are the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 U.S.C. §203 (d)), and they are jointly liable for Plaintiff's damages.

15. Defendants PARAMOUNT FLORIDA SECURITY GROUP INC and GOLDEN SECURITY GUARD PROTECTIVE SERVICE INC hereinafter will be called collectively PARAMOUNT FLORIDA SECURITY.

16. Defendant PARAMOUNT FLORIDA SECURITY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods or services for commerce by regularly and recurrently using the

instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

17. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through her daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

18. Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORAemployed Plaintiff LAURA M. CERDA as a non-exempted security employee, approximately from December 23, 2021, to September 08, 2022, or 37 weeks.

19. Plaintiff was a non-exempted, full-time, hourly employee, working six days per week, more than 40 hours weekly.

20. Plaintiff had security guard duties working at La Belle Perfume Distributor, located at 2319 NW 20 Street, Miami, Florida 33135.

21. While employed by Defendants, Plaintiff worked as follows:

22. 1.- From December 23, 2021, to March 31, 2022, or 14 weeks, Plaintiff worked six days per week, from Tuesdays to Sundays, from 8:00 PM to 6:00 AM (10 hours daily). Plaintiff worked a total of 60 hours weekly. Plaintiff was compensated for all her working hours at her regular rate of $9.00 an hour. However, Plaintiff was not paid for overtime hours.

23. <u>2.- From April 01, 2022, to September 08, 2022, or 23 weeks</u>, Plaintiff worked six days per week, from Tuesdays to Sundays, from 11:00 PM to 7:00 AM (8 hours daily). Plaintiff worked a total of 48 hours weekly. Plaintiff was compensated for all her working hours at the regular rate of $8.75. However, Plaintiff was not paid for overtime hours.

24. During Plaintiff's employment time, she always worked more than 40 hours every week. Nevertheless, Plaintiff never was adequately compensated for overtime hours worked. Plaintiff did not take bonafide lunch periods.

25. Furthermore, During her employment with Defendants, Plaintiff was paid less than the required minimum wages required by the FLSA.

26. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

27. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

28. Plaintiff was paid bi-weekly with checks from two different corporations, without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

29. Plaintiff never agreed with the lack of payment for her overtime hours, and she complained many times to the owner of the business PEDRO MORA. Plaintiff demanded to be paid for overtime hours. PEDRO MORA always answered with immigration threats.

30. On or about September 08, 2022, Defendants fired Plaintiff due to her continuous complaints about overtime payment and dangerous working conditions.

31. At the time of her termination, Defendants did not pay Plaintiff one week of work.

32. Plaintiff is not in possession of time and payment records, but she will provide a good-faith estimate about her unpaid minimum and half-time overtime.

33. At times mentioned, individual Defendant PEDRO MORA was the owner/president and manager of PARAMOUNT FLORIDA SECURITY. Defendant PEDRO MORA was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of PARAMOUNT FLORIDA SECURITY in relation to its employees, including Plaintiff and others similarly situated. Defendant PEDRO MORA had financial and operational control of the corporation, determining the terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

34. Plaintiff LAURA M. CERDA seeks to recover minimum wages, half-time overtime hours, retaliatory damages, liquidated damages, and any other relief as allowable by law.

35. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS

36. Plaintiff LAURA M. CERDA re-adopts every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

37. This cause of action is brought by Plaintiff LAURA M. CERDA  as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after December 2021,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

38. Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA employed Plaintiff LAURA M. CERDA as a non-exempted security employee approximately from December 23, 2021, to September 08, 2022, or 37 weeks.

39. Plaintiff was a non-exempted, full-time, hourly employee, working six days per week, more than 40 hours weekly.

40. While employed by Defendants, Plaintiff worked as follows:

41. <u>1.- From December 23, 2021, to March 31, 2022, or 14 weeks</u>, Plaintiff worked six days per week, a total of 60 hours weekly. Plaintiff was compensated for all her working hours at her regular rate of $9.00 an hour. However, Plaintiff was not paid for overtime hours.

42. <u>2.- From April 01, 2022, to September 08, 2022, or 23 weeks</u>, Plaintiff worked six days per week, a total of 48 hours weekly. Plaintiff was compensated for all her working hours at the regular rate of $8.75. However, Plaintiff was not paid for overtime hours.

43. During Plaintiff's employment time, she always worked more than 40 hours weekly. Nevertheless, Plaintiff never was adequately compensated for overtime hours. Plaintiff did not take bonafide lunch periods.

44. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

45. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

46. Plaintiff was paid bi-weekly with checks from two different corporations, without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

47. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

48. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

49. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

50. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
* Florida's minimum wage after September 30, 2021-2022, is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.   Total amount of alleged unpaid O/T wages:

Two Thousand Three Hundred Twenty Dollars and 00/100 ($2,320.00)

b.  Calculation of such wages:

Total time of employment: 37 weeks
Relevant weeks of employment: 37 weeks

**1.- From December 23, 2021, to March 31, 2022, or 14 weeks**
Total number of relevant weeks: 14 weeks
Total number of hours worked:  60 hours weekly
Total number of paid hours: 60 hours
Regular rate: $9.00
Total number of O/T hours: 20 O/T hour
Florida minimum wage rate: $10.00 an hour x 1.5=$15.00 O/T rate
O/T rate $15.00-$10.00 O/T rate paid= $5.00 half-time difference
Half-time: $5.00 an hour

$5.00 x 20 O/T hours=$100.00 weekly x 14 weeks=$1,400.00

**2.- From April 01, 2022, to September 08, 2022, or 23 weeks**
Total number of relevant weeks: 23 weeks
Total number of hours worked:  48 hours weekly
Total number of paid hours: 48 hours
Regular rate: $8.75
Total number of O/T hours: 8 O/T hour
Florida minimum wage rate: $10.00 an hour x 1.5=$15.00 O/T rate
O/T rate $15.00-$10.00 O/T rate paid= $5.00 half-time difference
Half-time: $5.00 an hour

$5.00 x 8 O/T hours=$40.00 weekly x 23 weeks=$920.00

 Total #1, and #2: $2,320.00

c.  Nature of wages (e.g. overtime or straight time):

   This amount represents unpaid half-time overtime wages.

51. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1),

in that Plaintiff and those similarly-situated performed services and worked in excess of

the maximum hours provided by the Act, but no provision was made by the Defendants to

properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

52. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

53. Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

54. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff LAURA M. CERDA and other similarly situated individuals and against the Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff LAURA M. CERDA actual damages in the amount shown to be due

for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff LAURA M. CERDA demands trial by jury of all issues triable as of right by jury.

**COUNT II:**
**FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE**

55. Plaintiff LAURA M. CERDA re-adopts every factual allegation stated in paragraphs 1-35 of this Complaint as if set out in full herein.

56. Plaintiff, LAURA M. CERDA brings this action to recover from the Employers PARAMOUNT FLORIDA SECURITY and PEDRO MORA unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

57. Defendant PARAMOUNT FLORIDA SECURITY was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

58. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

59.  the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

 (C) $7.25 an hour, beginning 24 months after that 60th day

60. Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA employed Plaintiff LAURA M. CERDA as a security employee approximately from December 23, 2021, to September 08, 2022, or 37 weeks.

61. Plaintiff was a non-exempted, full-time, hourly employee, working six days per week, more than 40 hours weekly.

62. While employed by Defendants, Plaintiff worked as follows:

63. 1.- From December 23, 2021, to March 31, 2022, or 14 weeks, Plaintiff worked six days per week, from Tuesdays to Sundays, from 8:00 PM to 6:00 AM (10 hours daily). Plaintiff worked a total of 60 hours weekly. Plaintiff was compensated for all her working hours at the regular rate of $9.00 an hour. However, Plaintiff was not paid at the Florida higher minimum wage rate of $10.00 an hour, as required by the FLSA.

64. 2.- From April 01, 2022, to September 08, 2022, or 23 weeks, Plaintiff worked six days per week, from Tuesdays to Sundays, from 11:00 PM to 7:00 AM (8 hours daily). Plaintiff worked a total of 48 hours weekly. Plaintiff was compensated for all her working hours at the regular rate of $8.75. However, Plaintiff was not paid for overtime hours at the Florida higher minimum wage rate of $10.00 an hour, as required by the FLSA.

65. During Plaintiff's employment time, Plaintiff did not take bonafide lunch periods.

66. Furthermore, on or about September 08, 2022, Defendants fired Plaintiff due to her continuous complaints about unfair payment. At the time of her termination, Defendants denied Plaintiff the payment of one week of hard-earned wages.

67. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

68. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

69. Plaintiff was paid bi-weekly with checks from two different corporations, without paystubs providing basic information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

70. On or about September 08, 2022,  Defendants fired Plaintiff due to her continuous complaints about overtime payment and dangerous working conditions.

71. At the time of her termination, Defendants refused to pay Plaintiff one week of work.

72. Therefore, Defendants willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

73. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

74. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

75. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's reasonable faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
* Florida's minimum wage after September 30, 2021-2022, is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a.   <u>Total amount of alleged unpaid wages</u>:

   Two Thousand Seven Hundred Dollars and 00/100 ($2,700.00)

   b.   <u>Calculation of such wages</u>:

   Total time of employment: 37 weeks
   Relevant weeks of work: 37 weeks

   **1.- From December 23, 2021, to March 31, 2022, or 14 weeks**
   Total number of relevant weeks: 14 weeks
   Total number of hours worked:  60 hours weekly
   Total number of paid hours: 60 hours
   Regular rate: $9.00
   Florida minimum wage rate: $10.00 an hour-$10.00 rate paid= $1.00 difference

   $1.00 x 60 O/T hours=$60.00 weekly x 14 weeks=$840.00

   **2.- From April 01, 2022, to September 08, 2022, or 23 weeks**
   Total number of relevant weeks: 23 weeks
   Total number of hours worked:  48 hours weekly
   Total number of paid hours: 48 hours
   Regular rate: $8.75
   Florida minimum wage rate: $10.00 an hour- $8.75 rate paid= $1.25 difference

   $1.25 x 48 O/T hours=$60.00 weekly x 23 weeks=$1,380.00

**3.- One-week unpaid wages**

Fl Minimum Wage $10.00 x 48 hours=$480.00

 Total #1, #2, and #3: $2,700.00

c. <u>Nature of wages:</u>

This amount represents regular unpaid wages at the Florida  minimum wage rate

76. Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA unlawfully failed to pay Plaintiff LAURA M. CERDA minimum wages as required by law.

77. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

78. Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LAURA M. CERDA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff LAURA M. CERDA and against Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other

Federal Regulations; and

B.   Award Plaintiff LAURA M. CERDA actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff LAURA M. CERDA an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff LAURA M. CERDA and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**<u>COUNT III:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3</u>**

79. Plaintiff LAURA M. CERDA re-adopts every factual allegation stated in paragraphs 1-35 of this Complaint as if set out in full herein.

80. Defendant PARAMOUNT FLORIDA SECURITY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

81. 29 USC § 206 (a) (1) states, "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

82. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed

any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

83. Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA employed Plaintiff LAURA M. CERDA as a security employee approximately from December 23, 2021, to September 08, 2022, or 37 weeks.

84. Plaintiff was a non-exempted, full-time, hourly employee, working six days per week, more than 40 hours weekly.

85. Plaintiff had security guard duties working at La Belle Perfume Distributor, located at 2319 NW 20 Street, Miami, Florida 33135.

86. While employed by Defendants, Plaintiff worked as follows:

87. 1.- From December 23, 2021, to March 31, 2022, or 14 weeks, Plaintiff worked six days per week, a total of 60 hours weekly. Plaintiff was compensated for all her working hours at her regular rate of $9.00 an hour. However, Plaintiff was not paid for overtime hours.

88. 2.- From April 01, 2022, to September 08, 2022, or 23 weeks, Plaintiff worked six days per week, a total of 48 hours weekly. Plaintiff was compensated for all her working hours at the regular rate of $8.75. However, Plaintiff was not paid for overtime hours.

89. During Plaintiff's employment time, she always worked more than 40 hours every week. Nevertheless, Plaintiff never was properly compensated for overtime hours worked. Plaintiff did not take bonafide lunch periods.

90. Furthermore, During her employment with Defendants,  Plaintiff was paid less than the required minimum wages required by the FLSA.

91. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

92. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

93. Plaintiff never agreed with the lack of payment for her overtime hours, and she complained many times to the owner of the business PEDRO MORA. Plaintiff demanded to be paid for overtime hours. PEDRO MORA always answered with immigration threats.

94. On or about September 4, 2022, Plaintiff complained to PEDRO MORA for the last time. Plaintiff complained about unpaid overtime hours and her dangerous working conditions.

95. These complaints constituted protected activity under the FLSA.

96. However, as a direct result of Plaintiff's complaints on or about September 08, 2022, Defendant PEDRO MORA fired Plaintiff using pretextual reasons. At the time of her termination, Defendants refused to pay Plaintiff one week of work.

97. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices or retaliation to discharge Plaintiff.

98. There is close proximity between Plaintiff's protected activity and her discharge.

99. At the time of her termination, Defendants did not pay Plaintiff one week of work.

100. Plaintiff did not clock in and out, but Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

101. Therefore, Defendants willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

102. The motivating factor which caused Plaintiff's termination, as described above, was her complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

103. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

104. Plaintiff LAURA M. CERDA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LAURA M. CERDA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA that Plaintiff LAURA M. CERDA recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants PARAMOUNT FLORIDA SECURITY and PEDRO MORA to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff LAURA M. CERDA further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff LAURA M. CERDA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Date:  November 29, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com